IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTOYA, *et al.*,

    Plaintiffs,

v.                                                Civ. No. 22-758 MLG/GBW

THE GEO GROUP, INC.,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL
## INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES,
## AND RESPONSES TO REQUESTS FOR PRODUCTION

THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s Motion to Compel Complete Initial Disclosures, Answers to Interrogatories and Responses to Requests for Production. *Doc. 23*. Having considered the Motion and the attendant briefing, *see docs. 27, 28*, having reviewed the Notice of Issue Related to Discovery submitted by Plaintiffs' counsel, *see doc. 30*, and being otherwise fully advised in the premises, the Court GRANTS the Motion.

**I.**     **BACKGROUND**

Plaintiffs bring negligence and constitutional claims against Defendant The GEO Group, Inc. based on events that occurred while Plaintiffs were incarcerated at the Guadalupe County Correctional Facility. *Doc. 1-1*. Plaintiffs served their initial

disclosures on March 13, 2023,[1] but, according to Defendant, "did not include the provider list, records if any, and executed medical and mental health authorizations mandated by D.N.M.LR-Civ. 26.3(d)." *Doc. 23* at ¶ 3. On January 31, 2023, Defendant served its First Set of Interrogatories and Requests for Production to Plaintiff Martinez, *see doc. 17*, and its First Set of Interrogatories and Requests for Production to Plaintiff Montoya, *see doc. 18*, but Plaintiffs have not provided any responses to the discovery requests, *doc. 23* at ¶ 6. Defendant now moves the Court to compel Plaintiffs to provide complete initial disclosures which comply with the requirements of D.N.M.LR-Civ. 26.3(d) and to provide responses to Defendant's discovery requests. *Id.* at 3.

II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 26, as well as the Court's Initial Scheduling Order in this case, *see doc. 4*, require that the parties make initial disclosures within 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). In cases where the physical or mental condition of a plaintiff is at issue, the plaintiff's initial disclosures must include a list of "any healthcare provider . . . which [has] treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings," "all records of such healthcare providers which are already in that party's possession,"

---

[1] Plaintiffs are reminded of their obligation under Local Rule 26.2(e) to file a certificate of service indicating the date they served their initial disclosures on Defendant. *See* D.N.M.LR-Civ. 26(e).

and "a signed authorization to release medical records form" for each healthcare provider.  D.N.M.LR-Civ. 26.3(d).

Federal Rules of Civil Procedure 33 and 34 require that a party respond to interrogatories and requests for production within thirty days of being served with the request.  Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  If a party fails to produce initial disclosures in accordance with Rule 26 or fails to respond to discovery requests in accordance with Rules 33 and 34, the opposing party may move the Court to compel disclosures and responses.  Fed. R. Civ. P. 37(a)(3)(A), (B).

If a motion to compel is granted under Rule 37, the Court must grant the movant an award of his reasonable expenses, including attorney's fees, incurred in filing the motion.  Fed. R. Civ. P. 37(a)(5)(A).  However, the Court must *not* award expenses if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id*.

### III.   ANALYSIS

Plaintiffs' counsel filed a Response to the Motion admitting that Plaintiffs' initial disclosures were incomplete and that Plaintiffs have not responded to Defendant's discovery requests.  *See generally doc. 27*.  As a result, it is undisputed that Plaintiffs have not complied with the requirements of Rules 26, 33, and 34, and the Court will GRANT

3

Defendant's Motion to Compel and order Plaintiffs to provide complete initial disclosures and responses to Defendant's discovery requests.

Counsel for Plaintiffs requests that the Court allow Plaintiff Montoya additional time to provide complete disclosures and discovery responses. *Doc. 27* at 4. Counsel argues that Plaintiff Montoya's ongoing incarceration has prevented him from receiving and sending mail related to his case in a timely manner. *See generally id.* In particular, counsel explains that Plaintiff Montoya attempted to send his answers to Defendant's January 31, 2023, discovery requests by mailing them to Plaintiffs' counsel, but his discovery responses were never received by Plaintiff's counsel. *Id.* at 2-3. Plaintiffs' counsel then re-sent Defendants' discovery requests to Plaintiff Montoya on March 28, 2023, and this mailing was delivered to Plaintiff Montoya at his facility, but Plaintiff Montoya refused to accept the mail due to a tear in the envelope. *Doc. 30* at 1-2. Plaintiffs' counsel then sent the discovery requests for a third time to Plaintiff Montoya on May 8, 2023. *Id.*

Plaintiff's counsel provides no explanation for Plaintiff Martinez' failure to respond to Defendant's first set of discovery requests or to provide the required initial disclosures, *see generally doc*. 27, and he also neglects to request additional time for Plaintiff Martinez to respond to Defendant's discovery request in the Response, *id.* at 4. Counsel's only explanation concerning Plaintiff Martinez's failure to participate in

4

discovery so far is that Plaintiffs' counsel has sent Plaintiff Martinez a revised medical release form but has not received a response. *Doc. 27* at 4.

At a status conference held on March 14, 2023, counsel for Plaintiffs requested that the Court grant Plaintiffs an additional 45 to 60 days to provide discovery responses and disclosures. *See doc. 24* at 2. Due to the circumstances surrounding Plaintiff Montoya's receipt of mail, because counsel for Plaintiffs resent the discovery requests to Plaintiff Montoya on May 8, 2023, and notwithstanding Plaintiffs' counsel failure in his Response to provide an explanation for Plaintiff Martinez' lack of timely response to the discovery request or to ask for additional time for Plaintiff Martinez to respond to the request, the Court will give both Plaintiffs additional time to serve Defendant with their supplemented initial disclosures and responses to Defendant's first set of discovery requests. *See doc. 30*. Plaintiffs are ordered to provide complete initial disclosures and to respond to Defendant's First Set of Interrogatories and First Set of Requests for Production within **forty-five (45) days from the entry of this Order**.

Plaintiffs are warned that their continued failure to adhere to their discovery obligations may result in dismissal of this case. Plaintiffs' lack of responsiveness has stalled progress in this case, necessitated the Court vacating the settlement conference setting, *see doc. 25*, and will cause the parties to move for extensions of case management deadlines. Noncompliance with this Order may result in the imposition of discovery sanctions, including dismissal of Plaintiffs' claims. Fed. R. Civ. P. 37(b)(2).

In addition, Rule 41(b) authorizes a defendant to move to dismiss an action when a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Finally, the Court may exercise its inherent authority to dismiss an action *sua sponte* for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel (*doc. 23*) is GRANTED. The Court HOLDS IN ABEYANCE its decision regarding whether attorney fees are appropriate under Fed. R. Civ. P. 37(a)(5)(A).

IT IS ORDERED that Plaintiffs shall serve Defendant with: (1) complete initial disclosures, and (2) complete responses to Defendant's First Set of Interrogatories and Requests for Production to Plaintiff Matthew Martinez (*doc. 17*) and Defendant's First Set of Interrogatories and Requests for Production to Plaintiff Isaac Montoya (*doc. 18*) **within forty-five (45) days of the entry of this Order**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE